UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CLAUDETTE S.,**

                            **Plaintiff,**

  vs.                                                 6:24-CV-1477
                                                              (MAD/TWD)

**FRANK BISIGNANO,** *Commissioner*
*of Social Security*,

                            **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**HILLER COMERFORD INJURY**        **JUSTIN M. GOLDSTEIN, ESQ.**
**& DISABILITY LAW**
6000 North Bailey Avenue - Suite 1a
Amherst, New York 14226
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **KRISTINA D. COHN, ESQ.**
Office of Program Litigation
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Claudette S., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for supplemental security income. *See* Dkt. No. 1.

      In a Report and Recommendation dated January 30, 2026, Magistrate Judge Therese Wiley Dancks recommended that (1) Plaintiff's motion for judgment on the pleadings be granted;

1

(2) Defendant's motion for judgment on the pleadings be denied; and (3) the Commissioner's decision be remanded for further proceedings. *See* Dkt. No. 14. Neither party filed objections.

When no objections are made to a magistrate judge's recommendation, the Court reviews a report-recommendation for only clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quotation and footnote omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court finds no clear error in Magistrate Judge Dancks' analysis and conclusion rejecting Plaintiff's first three arguments regarding the Administrative Law Judge's ("ALJ") decision. *See* Dkt. No. 14 at 8-19. Magistrate Judge Dancks thoroughly discussed the statutory authority, case law, and record evidence related to each of Plaintiff's arguments. The Court finds no clear error in the first conclusion in the Report and Recommendation that the ALJ appropriately determined Plaintiff's Residual Functional Capacity ("RFC") based on opinions from numerous medical sources as well as Plaintiff's treatment records. *See id.* at 14; *see also Malcolm C. v. Comm'r of Soc. Sec.*, 801 F. Supp. 3d 175, 180 (W.D.N.Y. 2025) ("An ALJ's conclusion need not perfectly correspond with any of the opinions of medical sources cited in his decision") (citation and quotation marks omitted).

The Court likewise finds no clear error in Magistrate Judge Dancks' conclusion that the ALJ did not err in relying on the Vocational Expert's ("VE") testimony regarding Plaintiff's ability to interact socially and the national availability of occupations Plaintiff could perform. *See* Dkt. No. 14 at 15-19. Magistrate Judge Dancks accurately stated that there was no conflict between

the ALJ's RFC determination and testimony from the VE during a prior hearing (this case has been remanded once before). *See id.* at 16. The Court also agrees that, even if there was a conflict, the ALJ is likely not required to rely on testimony from a decision or hearing that has been vacated. *See id.*; *cf. Lisa J.H. v. Comm'r of Soc. Sec.*, No. 5:24-CV-01247, 2025 WL 3669633, *9 (N.D.N.Y. Nov. 18, 2025), *R & R adopted*, 2025 WL 3654528 (N.D.N.Y. Dec. 17, 2025) ("[T]he ALJ had no duty to reconcile VE testimony that was based upon different hypotheticals").

As to Plaintiff's contention that the VE provided the ALJ with obsolete jobs at step five of the disability determination, Magistrate Judge Dancks correctly noted that "some courts have expressed concern where the ALJ relied on representative occupations that appear to be obsolete in the modern economy[,] . . . [but] other courts . . . have declined to accept this type of argument, finding that the ALJ is entitled to rely on the VE's testimony and refusing to make a judicial finding as to whether an occupation is obsolete." Dkt. No. 14 at 17 (collecting cases). "[T]he Second Circuit in an unpublished decision" has declined to accept that argument. *Id.* (citing *Bavaro v. Astrue*, 413 Fed. Appx. 382, 384 (2d Cir. 2011) (summary order)). Given the present circumstances—that the ALJ asked the VE additional questions about one of the allegedly obsolete jobs, Plaintiff's representative did not ask any follow-up questions, and Plaintiff does not object to the Report and Recommendation—the Court finds no clear error in Magistrate Judge Dancks' conclusion that "the ALJ satisfied the heighted duty of inquiry" applicable to allegedly obsolete jobs. *Id.* at 19.

However, because the Court is remanding the case based on a different error in the ALJ's consideration of the VE testimony, the Court finds it prudent to reiterate Magistrate Judge Dancks' statement that "all three" jobs identified by the VE are "potentially obsolete occupations"

3

according to the Social Security Administration's "Emergency Message" issued in June of 2024. *Id.* at 18. Out of the three potentially obsolete jobs, only one was identified as having "a significant number of jobs nationally." *Id.* Although "[t]he Commissioner need show only one job existing in the national economy that [the plaintiff] can perform," *Bavaro*, 413 F. Appx. at 38, the ALJ should be mindful of the Emergency Message when revisiting the step five determination on remand.

Finally, as to the reason Magistrate Judge Dancks recommended remanding the case, the Court finds no clear error in the recommendation that the ALJ's decision be remanded because the ALJ did not rectify an apparent conflict between the testimony of a VE and the Dictionary of Occupational Titles ("DOT"). *See* Dkt. No. 14 at 19-22. As explained more fully by Magistrate Judge Dancks, the ALJ determined that Plaintiff "can occasionally reach overhead and can reach in other directions frequently bilaterally"; the VE testified that, with that restriction, Plaintiff could perform the jobs of addressor, tube operator, and document preparer; but the DOT states that each position requires "frequent" reaching. Dkt. No. 14 at 6, 21. The VE testified that the DOT does not discuss reaching overhead versus reaching "in all directions," "so those portions of the hypothetical are based on my experience and training." *Id.* at 21. The Court agrees with Magistrate Judge Dancks that the VE's testimony is insufficient for the ALJ to have adequately addressed the conflict between the RFC determination, and the jobs Plaintiff could perform.

Magistrate Judge Dancks aptly quoted and relied on a decision from the Second Circuit, *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 92 (2d Cir. 2019), which states that "[t]estimony that a claimant with overhead reaching limitations is capable of performing a job that the [DOT] describes as requiring 'reaching,' then, creates at least an apparent conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony." Dkt.

4

No. 4 at 22. Because the VE testified that the conclusion Plaintiff could perform the identified jobs was based only on his "experience and training," the Court finds no clear error in Magistrate Judge Dancks' determination that remand is warranted. Dkt. No. 14 at 21 (relying on *Matthew M. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1644, 2022 WL 3346949, *4 (W.D.N.Y. Aug. 12, 2022), which concerned the same issue).

Accordingly, after carefully reviewing the Report and Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report and Recommendation (Dkt. No. 14) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED and REMANDED for further proceedings**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close the case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: March 2, 2026
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge